UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 89-CR-0067-CVE |
| ) | |
| JAMES DAVID THORNBURGH, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is defendant's motion for writ of error coram nobis, habeas corpus, or audita querela (Dkt. # 135). Defendant claims that the sentencing judge lacked the authority to enhance defendant's sentence under 18 U.S.C. § 924(c), and that he may object to his conviction or sentence based on a jurisdictional defect at any time. Dkt. # 135, at 1-2. He claims that Congress is considering a bill to amend § 924(c) and this clarifies that his sentence was improperly enhanced under § 924(c). Id. at 4. He also argues that a jury must determine whether a defendant has a prior § 924(c) conviction before the greater mandatory minimum sentence for second or subsequent § 924(c) convictions may be applied, and that his sentence is void because this issue was decided by a judge only. Id. at 7.

On April 12, 1989, a magistrate judge signed a complaint charging defendant with bank robbery and carrying a firearm during a crime of violence. The grand jury returned an indictment (Dkt. # 1) charging defendant with three counts of bank robbery under 18 U.S.C. § 2113 (counts one, two, and three) and three counts of possessing a firearm during a crime of violence in violation of § 924(c) (counts four, five, and six). Defendant exercised his right to a jury trial and was convicted on all six counts. The Honorable Thomas R. Brett sentenced defendant to a total sentence

of 543 months, or 45 years and three months, imprisonment. The United States Sentencing Guidelines provided a sentencing range of 262 to 327 months for counts one, two, and three, and § 924(c) required a combined mandatory minimum sentence of 45 years, or 540 months, for Counts four, five, and six.[1] Thus, the total sentence of 543 months imposed only a three month sentence of imprisonment for defendant's three bank robbery convictions. See United States v. Thornburgh, 962 F.2d 1438, 1441 (10th Cir. 1992). The Tenth Circuit Court of Appeals, en banc, reversed defendant's sentence, because it determined that defendant was not eligible for an enhanced sentence for second or subsequent convictions under § 924(c). United States v. Abreu, 962 F.2d 1447 (10th Cir. 1992).

The Supreme Court granted the government's petition for writ of certiorari, vacated the Tenth Circuit's decision, and remanded the case in light of Deal v. United States, 508 U.S. 129 (1993). United States v. Abreu, 508 U.S. 935, 113 S. Ct. 2405, 124 L.Ed. 2d 630 (1993). The Tenth Circuit remanded the case to the district court for resentencing, because the district court had no basis to depart downward on counts one, two, and three. United States v. Thornburgh, 7 F.3d 1471 (10th Cir. 1993). On remand, Judge Brett sentenced defendant to 70 months as to each of Counts one, two, and three, and the sentences on each count ran concurrently. Judge Brett reimposed a total sentence of 540 months as to counts four, five, and six, resulting in a combined sentence of 610 months. Defendant appealed to the Tenth Circuit and challenged his sentence as to counts one, two, and three, and the Tenth Circuit affirmed defendant's sentence. Defendant filed a motion to vacate,

---

[1]    Under the version of § 924(c) in effect at the time of defendant's sentencing, the mandatory minimum sentence for an initial conviction under the statute was five years, and the mandatory minimum sentence for any second or subsequent offense was 20 years. The mandatory minimum sentence for a second or subsequent § 924(c) offense has been increased to 25 years.

set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 113), and his motion was denied (Dkt. # 123). The Tenth Circuit affirmed the denial of defendant's § 2255 motion. Dkt. # 134. Defendant now seeks relief under the All Writs Act, 28 U.S.C. § 1651.

Before the Court can review the merits of defendant's motion, he must show that he is authorized to seek relief under the All Writs Act, which states that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. However, common law writs, such as the writ of error coram nobis and writ of audita querela, are extraordinary remedies which are allowed under compelling circumstances only. United States v. Morgan, 346 U.S. 502 (1954) ("Continuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed only under circumstances compelling such action to achieve justice."). As an extraordinary remedy, relief under the All Writs Act is available only when § 2255 motions or other forms of relief are not available. Ward v. United States, 381 F.2d 14, 15 (10th Cir. 1967); Adam v. United States, 274 F.2d 880, 882 (10th Cir. 1960); see also Caravalho v. Pugh, 177 F.3d 1177 (10th Cir. 1999) ("The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255."). "The writ of error coram nobis is used to vacate a federal sentence or conviction when a § 2255 motion is unavailable- generally when the petitioner has served his sentence completely and thus is not longer 'in custody' as required for § 2255 relief." Blanton v. United States, 94 F.3d 227, 231 (6th Cir. 1996). The writ of audita querela is similar but not identical to the writ of error coram nobis. A writ of error coram nobis is used to "attack a judgment that was infirm [at the time it issued], for reasons that later came to light," while a writ of audita querela "is used to challenged 'a judgment that was correct at the

time rendered but which is rendered infirm by matters which arise after its rendition.'" United States v. Torres, 282 F.3d 1241, 1245 n.6 (10th Cir. 2002).

Defendant has not shown that this Court has the authority to grant relief under the All Writs Act. Neither a writ of error coram nobis nor a writ of audita querela is the appropriate avenue for relief when asking a federal court to vacate or set aside a criminal conviction or sentence that the defendant is currently serving. Id. at 1245. Instead, defendant must seek relief under § 2255. Defendant filed a § 2255 motion (Dkt. # 113) asserting numerous claims, and his motion was denied. A second or successive motion under § 2255 will only be permitted in two situations:

> (1) newly discovered evidence that, if proven, and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). This Court lacks jurisdiction to consider a second or successive § 2255 motion, because defendant must request permission from the Tenth Circuit to file a second or successive § 2255. See 28 U.S.C. § 2255(h); Torres, 282 F.3d at 1246. Even if the Court had jurisdiction to consider whether could defendant proceed with a second or successive § 2255 motion, defendant acknowledges that he does not meet the requirements to file a second or successive § 2255 motion. Defendant expressly asks the Court to issue a writ of error coram nobis or writ of audita querela and argues that he is entitled to seek a common law writ due to the unavailability of a remedy under § 2255. Id. at 6 (defendant states that a request to file a second or successive § 2255 motion would be summarily denied and this remedy is unavailable). However, the fact that defendant does meet the criteria to file a second or successive § 2255 motion does not show that § 2255 is an inadequate remedy. Caravalho, 177 F.3d at 1179 ("the mere fact [that defendant] is

4

precluded from filing a second § 2255 petition does not establish that the remedy in § 2255 is inadequate"). The title of defendant's motion suggests that he may also be seeking a writ of habeas corpus, although this issue is not addressed in the body of defendant's motion. However, defendant may not rely on 28 U.S.C. § 2241 to challenge the validity of his conviction or sentence, because § 2241 authorizes federal courts to hear challenges to the "execution or administration" of an inmates' sentence. Stanko v. Davis, 617 F.3d 1262, 1267 (10th Cir. 2010). Defendant's exclusive remedy to challenge the validity of his conviction or sentence is a § 2255 motion, and he may not rely on the All Writs Act to avoid the requirements for filing a second or successive § 2255 motion.

Even assuming that defendant could seek relief under the All Writs Act, the Court finds that his arguments are meritless and he is not eligible for a reduced sentence. Defendant argues that Congress is considering a bill to amend § 924(c), but he cites no authority suggesting that proposed legislation has any effect on the interpretation of an existing statute. Defendant argues that the fact of a prior § 924(c) conviction should have been found by a jury, and his sentence was enhanced in violation of United States v. Booker, 543 U.S. 220 (2005), Blakely v. Washington, 542 U.S. 296 (2004), and Apprendi v. New Jersey, 530 U.S. 466 (2000). Defendant's argument is meritless for two reasons. First, no court has found that the existence of a prior conviction is an element of a § 924(c) charge and, instead, this is a sentencing factor that can be found by a judge at the sentencing hearing. United States v. Rivera-Rivera, 555 F.3d 277, 291 (1st Cir. 2009); United States v. Mejia, 545 F.3d 179, 207 (2d Cir. 2008); United States v. Hatcher, 501 F.3d 931, 934-35 (8th Cir. 2007); United States v. Perry, 438 F.3d 642, 652 (6th Cir. 2006); United States v. Cristobal, 293 F.3d 134, 146-47 (4th Cir. 2002). Second, Apprendi, Booker, and Blakely do not apply retroactively to criminal convictions that were already final when those cases were decided, and defendant may not

rely on those cases to collaterally attack his sentence. United States v. Bellamy, 411 F.3d 1182 (10th Cir. 2005); United States v. Mora, 293 F.3d 1213 (10th Cir. 2002). Defendant also argues that the court lacked jurisdiction to impose an enhanced sentence under § 924(c). This argument is simply an attempt to restate claims that have previously been considered and rejected on direct appeal and collateral review, and defendant has not shown that the court lacked jurisdiction to sentence him using the mandatory minimum sentence required by § 924(c).

**IT IS THEREFORE ORDERED** that defendant's motion for writ of coram nobis, habeas corpus, or audita querela (Dkt. # 135) is **denied**.

**DATED** this 4th day of November, 2010.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT