UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 89-CR-0067-CVE |
| | ) | (15-CV-0541-CVE-FHM) |
| JAMES DAVID THORNBRUGH, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is defendant's Petition under Section 2255, in the Alternative a Writ of Habeas Corpus under 28 U.S.C. 2241, or a Writ of Coram Nobis under the All Writs Act, 28 U.S.C. 1651 (Dkt. # 153).[1] Defendant James David Thornbrugh claims that his sentence was improperly enhanced under 18 U.S.C. § 924(c), and he seeks a reduced sentence in light of the Supreme Court's decision in Alleyne v. United States, 133 S. Ct. 2151 (2013).

On April 12, 1989, a magistrate judge signed a complaint charging defendant with bank robbery and carrying a firearm during a crime of violence. The grand jury returned an indictment (Dkt. # 1) charging defendant with three counts of bank robbery under 18 U.S.C. § 2113 (counts one, two, and three) and three counts of possessing a firearm during a crime of violence in violation of § 924(c) (counts four, five, and six). Defendant exercised his right to a jury trial and was convicted on all six counts. The Honorable Thomas R. Brett sentenced defendant to a total sentence of 543 months, or 45 years and three months, imprisonment. The United States Sentencing

---

[1] Defendant cites the All Writs Act in the title of his motion, but the body of his motion is focused solely on the savings clause of 28 U.S.C. § 2255. The Court will construe defendant's motion as a request to proceed under 28 U.S.C. § 2241 by means of the savings clause of § 2255.

Guidelines provided a sentencing range of 262 to 327 months for counts one, two, and three, and § 924(c) required a combined mandatory minimum sentence of 45 years, or 540 months, for counts four, five, and six.[2] Thus, the total sentence of 543 months imposed only a three month sentence of imprisonment for defendant's three bank robbery convictions. See United States v. Thornbrugh, 962 F.2d 1438, 1441 (10th Cir. 1992). The Tenth Circuit Court of Appeals, en banc, reversed defendant's sentence, because it determined that defendant was not eligible for an enhanced sentence for second or subsequent convictions under § 924(c). United States v. Abreu, 962 F.2d 1447 (10th Cir. 1992).

The Supreme Court granted the government's petition for writ of certiorari, vacated the Tenth Circuit's decision, and remanded the case in light of Deal v. United States, 508 U.S. 129 (1993). United States v. Abreu, 508 U.S. 935, 113 S. Ct. 2405, 124 L.Ed. 2d 630 (1993). The Tenth Circuit remanded the case to the district court for resentencing, because the district court had no basis to depart downward on counts one, two, and three. United States v. Thornbrugh, 7 F.3d 1471 (10th Cir. 1993). On remand, Judge Brett sentenced defendant to 70 months as to each of counts one, two, and three, with the sentences on each count to run concurrently. Judge Brett reimposed a total sentence of 540 months as to counts four, five, and six, resulting in a combined sentence of 610 months. Defendant appealed to the Tenth Circuit and challenged his sentence as to counts one, two, and three, and the Tenth Circuit affirmed defendant's sentence. Defendant filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 113), and his motion was

---

[2]  Under the version of § 924(c) in effect at the time of defendant's sentencing, the mandatory minimum sentence for an initial conviction under the statute was five years, and the mandatory minimum sentence for any second or subsequent offense was 20 years. The mandatory minimum sentence for a second or subsequent § 924(c) offense has been increased to 25 years.

2

denied (Dkt. # 123). Defendant filed a motion for relief under the All Writs Act, 28 U.S.C. § 1651 (Dkt. # 135), and he argued that his sentence was improperly enhanced under § 924(c). Specifically, he argued that he should not have been sentenced with an increased mandatory minimum for two of his § 924(c) convictions, because he did not have any prior convictions under § 924(c) that became final prior to his indictment in this case.[3] Dkt. # 135, at 4-5. The Court construed defendant's motion as a second or successive § 2255 and dismissed the motion for lack of jurisdiction. Dkt. # 137. Defendant filed a notice of appeal and the Tenth Circuit treated the notice of appeal as an implied request for leave to file a second or successive § 2255 motion. The Tenth Circuit found that defendant did not meet the criteria for filing a second or successive § 2255 motion. Dkt. # 152.

Defendant now seeks to bring a claim based on the Supreme Court's decision in <u>Alleyne</u>. In <u>Alleyne</u>, the Supreme Court held that any fact that increases a statutory mandatory minimum sentence must be submitted to a jury. 133 S. Ct. at 2163. The Supreme Court's relied on its decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and found that a defendant could not be subjected to an increased mandatory minimum under § 924(c)(1)(A)(ii) without a jury determination that the defendant brandished a firearm. <u>Id.</u> The Tenth Circuit has determined that <u>Alleyne</u> does not apply retroactively to cases on collateral review. <u>In re Payne</u>, 733 F.3d 1027, 1030 (10th Cir. 2013). The Tenth Circuit also noted that it is unlikely that the Supreme Court would find that <u>Alleyne</u> is retroactively applicable, because other Supreme Court decisions based on <u>Apprendi</u> have

---

[3]    The Court notes that this precise issue was resolved by the Supreme Court in <u>Deal</u>, and the phrase "second or subsequent conviction" does include additional § 924(c) charges contained in a single indictment.

3

not been made retroactively applicable on collateral review. Id. (citing Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013)).

Defendant argues that the Court has the authority to reach the merits of his motion under the "savings clause" of § 2255(e), because he could not have filed a Alleyne claim in his original § 2255 motion and he will be denied the opportunity to challenge his sentence unless he is permitted to proceed under the savings clause. Under § 2255(e), a defendant who has already filed an unsuccessful § 2255 motion may not file a second § 2255 motion "unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." In exceptional circumstances, a federal prisoner may proceed under 28 U.S.C. § 2241 if he can establish that the remedy provided by § 2255 is inadequate or ineffective. Cleaver v. Maye, 773 F.3d 230 (10th Cir. 2014). The Tenth Circuit has explained that the circumstances under which the savings clause might apply are "extremely limited," and it is the prisoner's burden to show that the remedy provided by § 2255 is inadequate or ineffective. Prost v. Anderson, 636 F.3d 578, 584 (10th Cir. 2013).

The Court finds that defendant cannot proceed under the savings clause, because he has not shown that § 2255 provides an inadequate or ineffective remedy. Defendant argues that his statutory interpretation argument cannot be brought in a second or successive § 2255 motion, and he is foreclosed from seeking relief under § 2255. However, the Tenth Circuit has rejected the argument that a criminal defendant can resort to the savings clause merely because arguments of statutory interpretation cannot be raised in a second or successive § 2255 motion. Prost, 636 F.3d at 589. Instead the focus is on whether § 2255 itself provided a criminal defendant one adequate and effective opportunity to challenge his conviction and sentence, even if arguments of statutory

interpretation based on Supreme Court decisions issued after a defendant's conviction cannot be raised in a second or successive § 2255. Id. at 586-87. Defendant had one opportunity to fully challenge his convictions and sentence under § 2255, and he has not shown that the remedy provided by § 2255 was inadequate merely because he could not have challenged his sentence based on the Supreme Court's decision in Alleyne.

The Court will treat defendant's motion as a second or successive § 2255 motion. Under § 2255(h), a defendant is permitted to file a second or successive § 2255 motion based on claims of:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the Tenth Circuit stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the mater to this court for authorization." Id. at 1252

(citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases).

The Court finds no basis to transfer defendant's motion to the Tenth Circuit, and defendant's motion (Dkt. # 153) should be dismissed. Alleyne does not apply retroactively to cases on collateral review and there is no possibility that he is entitled to relief under Alleyne. Even if Alleyne did apply, defendant's case is distinguishable from Alleyne and he would not be entitled to relief. In Alleyne, the defendant's sentence was enhanced based on the fact that the defendant brandished a firearm, and the Supreme Court found that a jury should have made the necessary factual finding that the defendant brandished a firearm in order to enhance his sentence. In this case, the "fact" used to enhance defendant's sentence was his other § 924(c) convictions, and the law is clearly established that a prior conviction need not be submitted to a jury before a defendant's sentence can be enhanced.[4] United States v. Ridens, 792 F.3d 1270, 1274 (10th Cir. 2015). Defendant's argument concerning the stacking of multiple § 924(c) counts in a single indictment has been conclusively resolved earlier in this case, and it is not likely that the Tenth Circuit would authorize him to proceed with a second or successive § 2255 to renew this argument. Defendant may also be arguing that the Court should reimpose the original sentence on his bank robbery charge, but this argument could have been raised in his initial § 2255 motion and it does not provide a basis to proceed under § 2255(h). Dkt. # 153, at 3.

---

[4] This case presents a unique circumstance when the jury's finding of defendant's guilt on counts five and six were the facts used to enhance his sentence, and the jury effectively did make the necessary findings for enhancement of his sentence.

**IT IS THEREFORE ORDERED** that defendant's Petition under Section 2255, in the Alternative a Writ of Habeas Corpus under 28 U.S.C. 2241, or a Writ of Coram Nobis under the All Writs Act, 28 U.S.C. 1651 (Dkt. # 153) is **dismissed for lack of jurisdiction**. A separate judgment of dismissal is entered herewith.

**DATED** this 23rd day of September, 2015.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE