# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 89-CR-0067-CVE |
| ) | (17-CV-0462-CVE-FHM) |
| JAMES DAVID THORNBRUGH, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court is defendant's Motion to Vacate, Set Aside or Correct a Sentence pursuant to Title 28 U.S.C. § 2255 Second-In-Time by a Person in Federal Custody and/or Federal Civil Rule 60(b)(5) & (6) (Dkt. # 170). Defendant James David Thornbrugh claims that his sentence was improperly enhanced under 18 U.S.C. § 924(c), and he seeks a reduced sentence in light of the Supreme Court's decision in Dean v. United States, 137 S. Ct. 1170 (2017).

On April 12, 1989, a magistrate judge signed a complaint charging defendant with bank robbery and carrying a firearm during a crime of violence. The grand jury returned an indictment (Dkt. # 1) charging defendant with three counts of bank robbery under 18 U.S.C. § 2113 (counts one, two, and three) and three counts of possessing a firearm during a crime of violence in violation of § 924(c) (counts four, five, and six). Defendant exercised his right to a jury trial and was convicted on all six counts. The Honorable Thomas R. Brett sentenced defendant to a total sentence of 543 months, or 45 years and three months, imprisonment. The United States Sentencing Guidelines provided a sentencing range of 262 to 327 months for counts one, two, and three, and § 924(c) required a combined mandatory minimum sentence of 45 years, or 540 months, for counts

four, five, and six.[1] Thus, the total sentence of 543 months imposed only a three month sentence of imprisonment for defendant's three bank robbery convictions. See United States v. Thornbrugh, 962 F.2d 1438, 1441 (10th Cir. 1992). The Tenth Circuit Court of Appeals, en banc, reversed defendant's sentence, because it determined that defendant was not eligible for an enhanced sentence for second or subsequent convictions under § 924(c). United States v. Abreu, 962 F.2d 1447 (10th Cir. 1992).

The Supreme Court granted the government's petition for writ of certiorari, vacated the Tenth Circuit's decision, and remanded the case in light of Deal v. United States, 508 U.S. 129 (1993). United States v. Abreu, 508 U.S. 935 (1993). The Tenth Circuit remanded the case to the district court for resentencing, because the district court had no basis to depart downward on counts one, two, and three. United States v. Thornbrugh, 7 F.3d 1471 (10th Cir. 1993). On remand, Judge Brett sentenced defendant to 70 months as to each of counts one, two, and three, with the sentences on each count to run concurrently. Judge Brett reimposed a total sentence of 540 months as to counts four, five, and six, resulting in a combined sentence of 610 months. Defendant appealed to the Tenth Circuit and challenged his sentence as to counts one, two, and three, and the Tenth Circuit affirmed defendant's sentence. Defendant filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 113), and his motion was denied (Dkt. # 123). Defendant filed a motion for relief under the All Writs Act, 28 U.S.C. § 1651 (Dkt. # 13), and he argued that his sentence was improperly enhanced under § 924(c). Specifically, he argued that he should not have

---

[1] Under the version of § 924(c) in effect at the time of defendant's sentencing, the mandatory minimum sentence for an initial conviction under the statute was five years, and the mandatory minimum sentence for any second or subsequent offense was 20 years. The mandatory minimum sentence for a second or subsequent § 924(c) offense has been increased to 25 years.

2

been sentenced with an increased mandatory minimum for two of his § 924(c) convictions, because he did not have any prior convictions under § 924(c) that became final prior to his indictment in this case. Dkt. # 135, at 4-5. The Court construed defendant's motion as a second or successive § 2255 motion and dismissed the motion for lack of jurisdiction. Dkt. # 137. Defendant filed a notice of appeal and the Tenth Circuit treated the notice of appeal as an implied request for leave to file a second or successive § 2255 motion. The Tenth Circuit found that defendant did not meet the criteria for filing a second or successive § 2255 motion. Dkt. # 152. Defendant filed a motion seeking a sentencing reduction based on the Supreme Court's decision in <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013). Dkt. # 153. The Court treated defendant's motion as a second or successive § 2255 motion and dismissed the motion for lack of jurisdiction. Dkt. ## 154, 155. The Tenth Circuit denied defendant's request for a certificate of appealability and dismissed his appeal. Dkt. # 163.

Defendant now claims that he is entitled to relief under <u>Dean</u>. In <u>Dean</u>, the Supreme Court explained that federal district courts have the discretion to consider the statutory mandatory minimum sentence under § 924(c) as a factor in determining a sentence for the predicate offense. Defendant argues that he should be permitted to proceed with a "second-in-time" § 2255 motion or requests reconsideration of his sentence under Fed. R. Civ. P. 60(b)(5) and (6) in light of <u>Dean</u>. Defendant argues that his new claims are based on an intervening change in the law and the claims could not have been asserted in his initial § 2255 motion. Dkt. # 170, at 8-9. Defendant is clearly aware of the restrictions on filing a second or successive § 2255 motion, and he not shown that his motion is exempt from these restrictions. <u>See</u> Dkt. # 170, at 9. To the extent that defendant seeks relief under Rule 60(b), a motion to reconsider the denial of a § 2255 motion must be treated as a

3

request to file a second or successive motion under § 2255 if the motion "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction [or sentence]." United States v. Pedraza, 466 F.3d 932, 933-34 (10th Cir. 2006). However, a court may consider a "true" motion for relief from judgment under Fed. R. Civ. P. 59(e) or 60(b) without construing the motion as a second or successive § 2255 motion. See Gonzalez v. Crosby, 545 U.S. 524 (2005). To avoid classification as a second or successive § 2255 motion, the Rule 59(e) or 60(b) motion must challenge "some defect in the integrity of the federal habeas process," rather than the "substance of the federal court's resolution of a claim on the merits." Id. at 532. The Tenth Circuit does not distinguish between a Rule 59(e) motion to alter or amend judgment and a Rule 60(b) motion in considering whether a motion should be treated as a true motion for relief from judgment or as a second or successive § 2255 motion. See Pedraza, 466 F.3d at 933. If the motion to reconsider is more properly classified as a second or successive § 2255 motion, this Court lacks jurisdiction to consider a second or successive § 2255 motion and defendant must request permission from the Tenth Circuit to file a second or successive § 2255 motion. See 28 U.S.C. § 2255(h); United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006); United States v. Torres, 282 F.3d 1241, 1246 (10th Cir. 2002).

Defendant's motion should be treated as a second or successive § 2255 motion. Defendant is not asking the Court to correct a defect in the integrity of the federal habeas process, but he is asking for the Court to vacate the judgment and reduce his sentence. This is clearly a substantive challenge to his sentence that must have been included in his original § 2255 motion. Defendant argues that he could not have raised a Dean claim in his original § 2255 motion, but he has not

4

attempted to show that Dean applies retroactively to cases on collateral review. Under § 2255(h), a defendant is permitted to file a second or successive § 2255 motion based on claims of:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the Tenth Circuit stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the mater to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases).

The Court finds no basis to transfer defendant's motion to the Tenth Circuit, and defendant's motion (Dkt. # 170) should be dismissed. The Supreme Court did not expressly make Dean retroactively applicable to cases on collateral review, and no court has found that Dean applies

5

retroactively.  United States v. Taylor, 2017 WL 3381369 (W.D. Va. Aug. 4, 2017).  Even if Dean did apply retroactively, Dean does not state a mandatory rule that would entitle defendant to a sentencing reduction, and Dean simply reaffirms the clearly established proposition that a sentencing court has the discretion to depart from the sentencing guidelines absent the applicability of statutory mandatory minimum sentence.  Defendant was sentenced before the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and at the time his sentence was imposed the sentencing judge had no discretion to depart from the sentencing guidelines in calculating the sentence for defendant's bank robbery charges.  A defendant sentenced under the mandatory guideline system cannot proceed with a second or successive § 2255 because of the Booker decision or subsequent related decisions by the Supreme Court, and there is little likelihood that the Tenth Circuit would permit defendant to proceed with a second or successive § 2255.  See United States v. Bellamy, 411 F.3d 1182 (10th Cir. 2005).

**IT IS THEREFORE ORDERED** that defendant's Motion to Vacate, Set Aside or Correct a Sentence pursuant to Title 28 U.S.C. § 2255 Second-In-Time by a Person in Federal Custody and/or Federal Civil Rule 60(b)(5) & (6) (Dkt. # 170) is **dismissed for lack of jurisdiction**.  A separate judgment of dismissal is entered herewith.

**DATED** this 8th day of September, 2017.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE