# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 89-CR-0067-CVE |
| JAMES DAVID THORNBRUGH, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court are the Government's Second Motion to Authorize Payment from Inmate Trust Account (Dkt. # 173) and defendant's Motion to Alter/Amend Judgment pursuant to F.R.Civ.P. Rule 59(e) (Dkt. # 179). Plaintiff asks the Court to authorize the Bureau of Prisons (BOP) to turn over all funds in defendant's inmate trust account to the Court Clerk in furtherance of defendant's restitution obligation. Dkt. # 173. Defendant has filed an objection (Dkt. # 176) to the plaintiff's motion. He argues that he is in compliance with the payment schedule for his restitution obligation, and he claims that the Court has no authority to order restitution payments in excess of the payment schedule.

On April 12, 1989, a magistrate judge signed a complaint charging defendant with bank robbery and carrying a firearm during a crime of violence. A grand jury returned an indictment (Dkt. # 1) charging defendant with three counts of bank robbery under 18 U.S.C. § 2113 (counts one, two, and three) and three counts of possessing a firearm during and in relation to a crime of violence in violation of § 924(c) (counts four, five, and six). Defendant exercised his right to a jury trial and was convicted of all six counts. The Honorable Thomas R. Brett sentenced defendant to a total sentence of 543 months, or 45 years and three months, imprisonment. The United States

Sentencing Guidelines provided a sentencing range of 262 to 327 months for counts one, two, and three, and § 924(c) required a combined mandatory minimum sentence of 45 years, or 540 months, for counts four, five, and six.[1]  Thus, the total sentence of 543 months imposed only a three month sentence of imprisonment for defendant's three bank robbery convictions.  See United States v. Thornbrugh, 962 F.2d 1438, 1441 (10th Cir. 1992).  The Tenth Circuit Court of Appeals, en banc, reversed defendant's sentence, because it determined that defendant was not eligible for an enhanced sentence for second or subsequent convictions under § 924(c).  United States v. Abreu, 962 F.2d 1447 (10th Cir. 1992).

The Supreme Court granted the government's petition for writ of certiorari, vacated the Tenth Circuit's decision, and remanded the case in light of Deal v. United States, 508 U.S. 129 (1993).  United States v. Abreu, 508 U.S. 935 (1993).  The Tenth Circuit remanded the case to the district court for resentencing, because the district court had no basis to depart downward on counts one, two, and three.  United States v. Thornbrugh, 7 F.3d 1471 (10th Cir. 1993).  On remand, Judge Brett sentenced defendant to 70 months as to each of counts one, two, and three, with the sentences on each count to run concurrently.  Judge Brett reimposed a total sentence of 540 months as to counts four, five, and six, resulting in a combined sentence of 610 months.  Judge Brett also ordered defendant to pay a special monetary assessment of $300 and restitution in the amount of $18,399.  Defendant appealed to the Tenth Circuit and challenged his sentence as to counts one, two, and three, and the Tenth Circuit affirmed defendant's sentence.  Defendant has been making periodic

---

[1] Under the version of § 924(c) in effect at the time of defendant's sentencing, the mandatory minimum sentence for an initial conviction under the statute was five years, and the mandatory minimum sentence for any second or subsequent offense was 20 years.  The mandatory minimum sentence for a second or subsequent § 924(c) offense has since been increased to 25 years.

2

payments toward his restitution obligation and, as of August 16, 2017, defendant owed restitution in the amount of $8,534.40.

Plaintiff learned that defendant had accumulated a substantial balance in his inmate trust account, and plaintiff filed a motion (Dkt. # 168) seeking authorization for the BOP to turn over the full contents of defendant's inmate trust account in payment of his restitution obligation. The Court denied plaintiff's motion without prejudice to refiling, because plaintiff had not provided the Court with evidence as to defendant's outstanding restitution obligation or the amount of funds in his inmate trust account. Dkt. # 172. Plaintiff has re-filed its motion for authorization to obtain funds from defendant's inmate trust account in furtherance of his restitution obligation. Dkt. # 173. As of August 15, 2017, defendant had $3,084.93 in his inmate trust account. Dkt. # 174-1, at 9. The undersigned has verified with the Court Clerk that defendant currently owes over $8,000 in restitution.

Under the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A (MVRA), a defendant convicted of an offense listed in § 3663A(c) shall "in addition to or in lieu of, any other penalty authorized by law . . . make restitution to the victim of the offense . . . ." Section § 3663A(c)(A)(i) requires restitution for "a crime of violence, as defined in [18 U.S.C. § 16]," and bank robbery is a crime of violence. United States v. McCranie, 889 F.3d 677 (10th Cir. 2018). The sentencing judge shall order restitution for the full amount of a victim's loss, regardless of the defendant's ability to pay, but the payments may be made pursuant to a payment schedule if the defendant is unable to make a lump sup payment. United States v. Wilson, 416 F.3d 1164, 1170 (10th Cir. 2005). However, an incarcerated person with an outstanding obligation to pay restitution may be ordered to make an additional payment if he "receives substantial resources from any source, including

inheritance, settlement, or other judgment, during a period of incarceration . . . ." 18 U.S.C. § 3664(n). In addition, any defendant ordered to pay restitution has an obligation to notify the district court or the Attorney General "of any material change in the defendant's economic circumstances that might affect his ability to pay restitution." 18 U.S.C. § 3664(k). The United States may also use any means available to enforce a criminal fine in an effort to collect restitution. 18 U.S.C. § 3613(f).

Plaintiff asks the Court to grant the BOP authorization to turn over all of the funds in defendant's inmate trust account to the Court Clerk in furtherance of defendant's restitution obligation, because he has accumulated a substantial amount of money that affects his ability to pay restitution. Dkt. # 173, at 4. Defendant responds that he is in compliance with the court-ordered payment schedule, and he claims that the Court lacks the authority to order additional restitution payments if he is in compliance with the payment schedule. Dkt. # 176, at 5. He also argues that it would violate the Ex Post Facto Clause of the United States Constitution to enforce the MVRA in the manner requested by plaintiff. Id. at 6, 9. As to defendant's Ex Post Facto Clause argument, the Tenth Circuit has found that restitution is not punitive in nature and an order to pay restitution cannot be challenged under the Ex Post Facto Clause of the United States Constitution. United States v. Serawop, 505 F.3d 1112, 1123 (10th Cir. 2007). Defendant argues that the Court lacks the authority to order the payment of restitution in addition to the payment schedule contained in the criminal judgment. However, any person obligated to pay restitution may be ordered to make additional payments if he receives "substantial resources from any source." 18 U.S.C. § 3664(n). Defendant has accumulated over $3,000 in his inmate trust account and he currently owes over $8,000 in restitution, and defendant has "substantial resources" that can be used to pay restitution

4

to the victims of defendant's crimes. The Court will allow defendant to retain a small balance in his inmate trust account, and the BOP will be ordered to turn over all funds in excess of $100 in his inmate trust account to pay his restitution obligation.

Defendant has filed a motion to alter or amend a "Judgment ORDER of Dismissal for lack of jurisdiction, dated the 8th day of September, 2017." Dkt. # 179. The opinion and order (Dkt. # 177) cited in defendant's motion dismissed for lack of jurisdiction a second or successive § 2255 motion. In his motion to amend or alter judgment (Dkt. # 179), defendant provides no argument in support of his request for reconsideration, and it is unclear if he is challenging the merits of the Court's decision or an alleged procedural error. The Court declines to construct an argument on defendant's behalf, and the Court will assume that he is re-urging his previous motion (Dkt. # 170). For the reasons stated in the Court's prior opinion and order (Dkt. # 177), defendant's motion (Dkt. # 179) is dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that the Government's Second Motion to Authorize Payment from Inmate Trust Account (Dkt. # 173) is **granted**. The BOP is authorized to turn over all funds exceeding a balance of $100 in defendant's inmate trust account to the Court Clerk in furtherance of restitution owed by defendant.

**IT IS FURTHER ORDERED** that defendant's Motion to Alter/Amend Judgment pursuant to F.R.Civ.P. Rule 59(e) (Dkt. # 179) is **dismissed for lack of jurisdiction**.

**DATED** this 28th day of June, 2018.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE